UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
      v.                            )    CR No. 05-137-S
                                    )
WASKAR PENA.                        )
_____)

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, United States District Judge.

Waskar Pena has filed a motion in the above matter requesting this Court to vacate that portion of his criminal Judgment which imposed a $50,000 fine and to reimpose a lesser fine, along with an appropriate payment schedule, based on his current financial status.[1] For the reasons hereinafter stated, the motion is denied.

I.  Background

On April 5, 2006, Pena pleaded guilty to three felony drug offenses[2] and was sentenced in this Court[3] to 151 months

---

[1] The motion is entitled "Petitioner Waskar Pena's Request To Vacate Fine and To Make a Payment Schedule after Considering Petitioner's Financial Circumstances" (ECF No. 197) (hereinafter "Motion to Vacate or Reduce Fine").

[2] The specific offenses were: (1) conspiracy to possess 500 grams or more of cocaine, with intent to distribute it, in violation of 21 U.S.C. § 846; (2) possession of 500 grams or more of cocaine with intent to distribute it in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); and (3) possession of 100 grams or more of heroin with intent to distribute it, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).

imprisonment, followed by eight years of supervised release. (See J. 2-3, July 28, 2006, ECF No. 97.) After noting that Pena had not submitted any financial statement and, after considering the Presentence Report (PSR), which referred to a credit report showing that Pena owned encumbered real estate, the sentencing Court also imposed a $50,000 fine. (See Sentencing Tr. 37, July 14, 2006 ("Sent. Tr.").) The fine was payable immediately, in one lump sum. (J. 6.) Throughout all proceedings leading to his conviction, Pena was represented by retained counsel John J. Bevilacqua.

Pena filed an appeal but then voluntarily withdrew it; the appeal was dismissed on November 28, 2006. See United States v. Pena, No. 06-2171, slip op. (1st Cir. Nov. 28, 2006). His subsequent motion to reinstate the appeal was denied by the First Circuit. See id., slip op., Jan. 15, 2008. Thereafter, Pena filed a motion to vacate judgment pursuant to 28 U.S.C. § 2255 on March 3, 2008. That motion was denied by this Court (Torres, J.) as untimely filed. (See Mem. & Order, Jan. 23, 2009, ECF No. 172.) Pena did not raise any issue as to his fine in either his direct appeal or his motion to vacate.

Pena next filed a motion for return of funds that had been seized incident to his arrest and prosecution. That motion was

---

[3] All criminal proceedings in this Court, including sentencing, were conducted before Chief Judge Ernest C. Torres. This matter was transferred to the undersigned in March 2009.

denied by Magistrate Judge Lincoln Almond on November 4, 2009. (See Mem. & Order, Nov. 4, 2009, ECF No. 190.)

On June 14, 2010, Pena filed the instant motion, seeking a reduction or elimination of his fine on the basis of his present inability to satisfy the obligation. As ordered by this Court, the government has filed an objection, to which Pena has filed a reply.[4] This matter is ready for decision.[5]

II. Discussion

In his motion, Pena seeks a reduction or remission of his fine because he is currently indigent and is unable to pay. Pena argues that at sentencing the government did not recommend a fine in view of the fact that he had eight children; that the sentencing court did not take his financial circumstances into consideration when imposing this fine; and that his current prison income is $13 per month, plus whatever monetary assistance his family can give him. Pena asks this Court to vacate the fine and to reimpose a lesser fine and a realistic

---

[4] See Government's Opp. to Def.'s Mot. to Vacate Fine and Order Payment Schedule, ECF No. 202 ("Gov't Mem."), and Petitioner's Reply to the Gov't's Opp., ECF No. 207 ("Reply").

[5] No hearing on this motion is necessary. See David v. United States, 134 F.3d 470, 477 (1st Cir. 1998) (district court properly may forego any hearing "when (1) the motion is inadequate on its face, or (2) the movant's allegations, even if true, do not entitle him to relief, or (3) the movant's allegations need not be accepted as true because they state conclusions instead of facts, contradict the record, or are inherently incredible") (internal quotations and citation omitted).

3

payment schedule based on his current small income. (Mot. at ¶¶ 12-15; Reply at ¶ 27.)

The short answer to Pena's request is that this Court is unable to provide the relief he seeks. Title 18 U.S.C. § 3573 provides the mechanism for modifying or remitting a fine imposed as part of a criminal sentence. Pursuant to § 3573, only the Government may petition to remit or reduce a fine imposed as part of a criminal sentence. See, e.g., United States v. Gonzalez, 248 F.3d 1128, at *1 (1st Cir. 2000) (Table) (district court lacked jurisdiction to act on defendant's postconviction request to remit fine); United States v. Linker, 920 F.2d 1, 2 (7th Cir. 1990); United States v. Schilling, 808 F. Supp. 1214, 1219 (E.D. Pa. 1992) (despite probation office's recommendation that $25,000 fine be remitted to $2,500, "under current section 3573 defendants do not have the right to petition the courts to remit their criminal fines"); United States v. Heimbach, 808 F. Supp. 413, 416 (E.D. Pa. 1992) (same). Likewise, Fed. R. Crim. P. 35 does not provide a vehicle for Pena to seek the reduction of his fine. See Gonzalez, 248 F.3d 1128, at *1. Thus, this Court has no jurisdiction to hear the instant motion.

Even if this Court could entertain Pena's motion, it is futile. As the First Circuit has noted, "the defendant bears the burden of proving both a current and future inability to pay the fine." United States v. Manjarrez, 306 F.3d 1175, 1181 (1st Cir. 2002) (citing United States v. Rowe, 268 F.3d 34, 38 (1st

Cir. 2001)); see also U.S.S.G. § 5E1.2(a) (stating that a court "shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine"). Here, Pena did not present a financial statement and otherwise failed to make any presentation at sentencing concerning his ability to pay a fine.[6]

Moreover, Pena does not contest the government's representations that he has participated in the Inmate Financial Responsibility Program while incarcerated, and he acknowledges that he has been making monthly payments towards his fine. (See Pena's Decl. p. 2, ¶ 10, ECF No. 197.) He has shown no reason why he cannot continue in that program.[7]

---

[6] Pena's contention that his counsel failed to file a financial statement on Pena's behalf, due to a scheme under which Pena (or his family) paid monies to counsel in exchange for counsel's promise that Pena "would be removed from prison [based] on information [that his employee Lisa] Torres would provide to federal prosecutors through [A]ttorney Bevilacqua" (Reply 3), does not warrant relief. This ineffective assistance claim was previously raised in connection with Pena's § 2255 motion to vacate, which this Court (Torres J.) denied as untimely filed and thus may not be reiterated here. Moreover, it appears that, in making these allegations, Pena is confusing his counsel, John J. Bevilacqua, with a former Rhode Island attorney, Joseph A. Bevilacqua, Jr., who was subsequently convicted of a scheme substantially identical to that described above.

[7] Pena's argument that the sentencing Court improperly delegated its authority to allow the Bureau of Prisons (BOP) to make the payment schedule in this case (Reply ¶¶ 24-26) likewise misses the mark. Nearly all of the cases cited by Pena involved orders of restitution under the Mandatory Victim Restitution Act; no restitution order is involved here, only a fine. Further, the Judgment specified without elaboration that Pena's fine be paid immediately, and the fact that during his

5

III. Conclusion

For all of the foregoing reasons, Pena's Motion to Vacate or Reduce Fine is hereby DENIED and DISMISSED.[8]

IT IS SO ORDERED.

*/s/ William E. Smith*
William E. Smith
United States District Judge
Date:   January 9, 2012

---

incarceration, payments were made under the Inmate Financial Responsibility Program ("IFRP") does not provide grounds for vacating and re-imposing a lesser fine. See Bramson v. Winn, 136 Fed. Appx. 380, *1 (1st Cir. 2005) (where sentencing court provided that payment of imposed fine was due immediately, there was no improper delegation of court's authority to impose a payment schedule, even where BOP used the IFRP to collect payments on the fine while defendant was incarcerated (citing Matheny v. Morrison, 307 F.3d 709, 712 (8th Cir. 2002) (holding that BOP may administer collection of payments through IFRP where sentencing court orders immediate payment))).

[8] The Court takes no position on any motion the government might bring, if it deems appropriate, to reduce the fine under 18 U.S.C. § 3573.  The Court further notes that, upon release from prison, Pena is to be surrendered to a duly-authorized immigration official for deportation proceedings. (See J. 4.)